

AUG 0 4 2017

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| SIDRIC ALEXANDER | § | |
| Plaintiff | § | |
| V. | § | CIVIL ACTION NO._____ |
| KELLY L. STRONG, Warden, | § | |
| John M. Wynne Unit et, al. | § | |

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

WITH MEMORANDUM OF LAW IN SUPPORT

Statement of the Cause

This is a civil rights action being brought under 42 U.S.C § 1983, by a state prisoner in Texas, Sidric Alexander, who is presently being and continue subjected to extreme heat temperatures eventhough plaintiff suffer from medical conditions which such extreme conditions of extreme heat puts plaintiff at serious risk of heat stroke, heart attack, stroke, complications with breathing and death. Eventhough medical personnel has given medical restrictions against such extreme conditions correctional personel continuely fail to carry out their responsibility to make adequate medical care available for plaintiff. Prison personnel continue to interfere with prescribed treatment and fail to remedy unlawful conditions and prison personnel demonstrate an indifferent and hostile attitude towards plaintiff's medical needs.

Statements of Facts

As stated in the plaintiff's declaration submitted with this

motion, the plaintiff is diagnosed with respiratory problems. (Dec. at 3), and hypertension (Dec. at 4), and schizophrenia (Dec. at 5). The plaintiff has medical restrictions against being in an enviroment consistent with extreme heat temperatures. (Dec. at 8). The defendant and other correctional personnel has refused to take any action to remove or rectify the conditions. (Dec. at 12-13). Eventhough plaintiff's medical situation for irreparable harm and death has escalated. (Dec. at 11, 15, 17).

ARGUMENT

POINT I

In determining whether a party is entitled to a temporaty restraining order and a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the balance of hardships between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A. The Plaintiff is Threatened with Irreparable Harm

The plaintiff alleges that he has been denied care for a serious medical need contrary to a physicians instructions. Such conduct by prison officials and correctional personnel is a clear violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976): Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994). As a matter of law, the continueing deprivation of constitutional rights constitutes irreparable harm. Helling v. McKinney, 509 U.S. 25, 33-35, 113 S.Ct. 2475, 2481-82 (1993). This principle has been applied in prison litigation generally. Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392 (1981),

and specifically in prison care. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297-303, 111 S.CT 2321-2323-2326 (1996); <u>Gates v. Cook</u>, 376 F.3d 323-333 (5th Cir. 2004).

Moreso, "the plaintiff is threatened with irreparable harm and death because of the nature and seriousness of plaintiff's medical conditions." Emphasized.

B. The Balance of Hardship Favors the Plaintiff

In deciding whether to grant Temporary Restraining Order's and Preliminary Injunctions, courts ask whether the suffering of the moving party, if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. <u>Gates v. Cook</u>, 376 F.3d 323 (5th Cir. 2004); <u>Groves v. Arpaio</u>, 623 F.3d 1043, 1045 9th Cir. 2010); <u>Jones El v. Berge</u>, 374 F.3d 541, 542 (7th Cir. 2004).

In plaintiff's case, the present suffering of the plaintiff, in which, he is diagnosed with respiratory condition (asthma) where extreme heat temperatures cause hyperventilation which further cause mental and physical pain in plaintiff being unable to breath. Eventhough plaintiff is on medications for this condition extreme temperatures place plaintiff in a extreme possition of having an asthma attack and escalate plaintiff potential suffering that can lead to permanently loss of life.

furhtermore, the present suffering of plaintiff in which he is diagnosed with hypertension and is more acceptable and increase risk of stroke, heart attack, kidney failure, heat stroke, and heart failure, and the heat alone without it being extreme puts plaintiff at substantial risk of serious harm and permanently loss of life.

The temperature in July with the heat index has surpassed over 100° F. for weeks and has reached 105° F. during the last week of July. On July 14th, 2017, plaintiff had a blood pressure reading of 170/140 and on July 25, 2017, plaintiff had a blood pressure reading of 170/142. Both readings are extreme and are at stroke levels which can lead to irreparable harm and permanently loss of life. Because of the extreme levels plaintiff was required to go through additional medical procedures and given additional medications to bring extreme blood pressure reading under control. Plaintiff has medical restrictions not to be subjected to extreme heat conditions or environment or situations. For plaintiff, the cardiovascular system is critical for maintaining normal body temperature. Plaintiff's heart has to be able to pump very hard to meet the demand of heat. hypertension decreases the ability of the blood vessels to open and close. As a result, plaintiff's vessels are not as compliant as they should be, they can't open like they should and have to in response to heat, and blood therefore cannot circulate to cool the body. Therefore, plaintiff has a hard time controlling his body temperature.

Another critical factor for plaintiff is the treatment for his hypertension further inhibit plaintiff's ability to regulate body temperature. Specifically, beta blockers, which help plaintiff control blood pressure, can compound the effects hypertension has on the cardiovascular system. Beta blockers prevent blood vessels from dialating properly while at the same time decreaseing the heart's ability to pump as hard and to meet the requirements of heart or exercise. Likewise diurectics

decrease the total amount of water and salt in the body, resulting in less fluid around which the heart can contract, as plaintiff. Without sufficient fluid to contract, the heart is unable to meet the increased demands heat places on the cardiovascular system. Therefore, even if plaintiff is recieving proper care from the medical doctor for his ailments, plaintiff is at increased risk of heat stroke, heart attack, stroke, kidney failure because of correctional personnel. Plaintiff's heightened vul nerbility to high heat temperaures and the extreme temperatures in the cell places plaintiff at substantial risk of serious harm and permenantly loss of life. for plaintiff, a heat index of 100° F. is to plaintiff 120° F.

Plaintiff suffers from mental related medication restrictions that are also related to not being subjuected to extreme temperatures. All the above medical conditions falls under the statute defined under 42 U.S.C. § 12102 (1)(A).

   C.  The Plaintiff is Likely to Succeed on the Merits

The Plaintiff has great likelihood of success on the merits. What defendant(s) have done in intentially interfering with medical treatment in what was prescribed by medical personnel and continue to make and provide that care, and correctional personnel has a responsibility to make adequate medical care available yet conitnue to remedy unlawful conditions and demonstrate an indifferent and hostile attitude towards plaintiff's medical needs. For example, on July 30, 2017, I attempted in explaining that I was having issues with the extreme heat to correctional officer Williams at 11:10 AM. I attempted in showing him my medi-

cations and explaining that they are not being helpful. It was if I was invisible and primarily talking to myself. These type of actions and non-actions was specifically singled out by the United States Supreme Court as an example of constitutional "deliberate indifference" to prisoners' medical needs. Estelle v. Gamble, 429 U.S. 97, 105 S.Ct. 285 (1976).

D. The Relief Sought Will Serve the Public Interest

In this case which plaintiff presents, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, and the Constitution. Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008). Respect for the law, particularly by officials responsible for the administration of the State's correctional system, is in itself a matter of the highest public interest and the Constitution is the ultimate expression of the public interest.

POINT II

THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunction relief is asked to post security. Rule 65(c), Fed. R. Civ. P.. However, the plaintiff is unable to post immediate security due to the serious medical danger confronting the plaintiff. Plaintiff has enclosed with this filing a request for leave to proceed in forma pauperis, that give an accurate reflection. The court has discreation to excuse an impoverished litigant from posting security. Elliott v. Kiesewtter, 98 F.3d 47, 60 (3rd Cir. 1996) (stating that district courts have discreation to waive the bond requirement contained

in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the [] equites weighs overwhelmingly in favor of the party seeking the injunction). In view of the serious medical danger confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

Executed on this the 2nd day of August, 2017.

Respectfully submitted,

*[signature]*

Sidric Alexander
TDCJ-CID #1177349
810 FM 2821 West
Huntsville, Texas 77349